THE HOWARD NATIONAL BANK OF BURLINGTON v. EDWARD C. LOOMIS, GEORGE I. LOOMIS, AND JOHN P. HOWARD.

[IN CHANCERY.]

*Power of National Banks to take Mortgages of Real Estate.*
*Rev. Sts. U. S. s. 5137.*

A national bank may take a mortgage of real estate executed in good faith, to secure pre-existing indebtedness; and it makes no difference that when the mortgage is executed the note evidencing the indebtedness is taken up and a new one given for its amount, and an agreement made for periodical renewals. The debt is the same though it be evidenced from time to time by different notes.

*Semble* that neither the mortgagor nor those claiming under him can avoid a mortgage given to a national bank to secure a loan, on the ground of want of power in the bank to take it.

PETITION FOR FORECLOSURE. The petition alleged that on July 7, 1875, the petitionee, Edward C. Loomis, "duly executed to the petitioner in good faith by way of security for debts previously contracted," a mortgage of certain premises in Burlington, conditioned for payment of the amount of said debts, specified in a promissory note of that date for $8,000, payable to the order of the petitioner, signed by said Edward C. and the petitionee George I. Loomis, and conditioned also for the payment of any note or notes that might thereafter be given in renewal thereof; that said note had been renewed from time to time until said sum had come to be specified in a note bearing date January 10, 1877, payable in six months from date, which was due and unpaid; and that on July 5, 1877, the petitionee, John P. Howard, caused said premises to be attached and thereby acquired a lien thereon, or an interest therein.    There was also an amended petition, which alleged that on May 1, 1876, the petitionee, George I. Loomis, executed to the petitioner a mortgage of certain machinery on said premises, conditioned for the payment of the same indebtedness.

Howard answered, denying that the first named mortgage was given in good faith by way of security for debts previously contracted, and alleging that on the day of the execution thereof, it was agreed between the mortgagor and the petitioner that if the mortgagor would execute and deliver said mortgage, the petitioner would discount the note therein described and the notes from time to time given in renewal thereof, and that the mortgage should stand as security for each and all of the notes ; that notes were given and renewed in accordance with that agreement; that the previously contracted debt, if any such there was, had been paid ; that the petitioner was a corporation organized under the National Banking Act; and that the mortgage was void.

The answer was traversed and testimony was taken.    The testimony tended to show that at the time the mortgage was given the mortgagor was indebted to the petitioner for the full sum covered by the mortgage; that no further loan was then made, but a new note given for old ones then taken up; and that the mortgagor was insolvent, and the mortgage taken in good faith to secure the antecedent debt.

**Decree for the petitioner.    Appeal by Howard.**

*Wm. G. Shaw*, for the petitionee Howard.

The mortgage was given to secure, not the previously existing debt, but a note that took the place of the notes representing that debt, a note that the petitioner discounted on the day of the date of the mortgage, and to secure other notes to be successively discounted. It was *ultra vires* of the petitioner to take and hold the mortgage for that purpose. It was a violation of the spirit if not the letter of the statute. A mortgage, to be good under the statute, must be for the collection and enforcement of a pre-existing debt, not for its extension and indefinite maintenance. Rev. Sts. U. S. s. 5137 ; *Fowler* v. *Scully*, 72 Penn. St. 456 ; *Matthews* v. *Shinker*, 62 Mo. 329 ; *Crocker* v. *Whitney*, Thomp. N. B. Cas. 745 ; *Wiley* v. *First Nat. Bank of Brattleboro*, 47 Vt. 546 ; *Whitney* v. *Same*, 50 Vt. 388.

Cases like *Kansas Valley Nat. Bank* v. *Rowell*, 2 Dillon, 371, which hold that mortgages given to secure both pre-existing debts and contemporaneous or future advances, may be good as to the former but invalid as to the latter, are distinguishable from this.

*Russell S. Taft*, for the petitioner.

The mortgage was executed in good faith to secure a pre-existing debt, and is therefore valid. Rev. Sts. U. S. s. 5137 ; *Merchant's National Bank* v. *Mears*, Thomp. N. B. Cas. 353 ; *First Nat. Bank* v. *Haire*, 36 Iowa, 443 ; *Kansas Valley Nat. Bank* v. *Rowell*, 2 Dillon, 371 ; *Woods* v. *Peoples Nat. Bank*, 83 Penn. 57 ; *Ornn* v. *Merchants Nat. Bank*, 16 Kansas, 341.

The cases of *Fowler* v. *Scully*, 72 Penn. 456, *Matthews* v. *Shinker*, 62 Mo. 329 ; *Crocker* v. *Whitney*, Thomp. N. B. Cas. 745, are in accord.

No collateral agreement as to the time the mortagor might have to pay the debt, can affect the validity of the mortgage.

The opinion of the court was delivered by

POWERS, J. The evidence in the case establishes the fact that at the time the petitioner's mortgage was executed no loan of money was made to the defendant Loomis. Loomis was already a debtor to the bank for the full sum covered by the mortgage,

and, becoming insolvent, the bank procured the execution of the mortgage, not to secure a present loan, not to secure future advances, but to secure his old debt.    No question can be made as to the good faith of the bank in taking the security.    The provision for a renewal of the note does not have the effect to make the renewed notes evidence of new advances.    The mortgage is executed to secure the past advance of money.    The new notes are the evidence of the old debt.    The mischief sought to be guarded against in the statute prohibiting the loan of money by national banks upon a pledge of real estate security is, the possible investment of their funds in real estate, and that hazard was incurred when the old debt was secured by this mortgage.    The provisions for a renewal of the notes made it less probable that the title would vest in the bank than an immediate foreclosure of Loomis's equity.

In view of the case of *Union National Bank* v. *Matthews*, to appear in 97 U. S. Reports, is the defence here set up valid? In that case the Supreme Court of the United States, whose construction of an act of Congress is paramount, seem to deny the right of the mortgagor and those claiming under him to avoid the mortgage deed on the ground of the want of power in the bank to take it.    The doctrine of *ultra vires*, which is getting to be quite fashionable with the profession, ought not to be invoked to effectuate injustice, where it can be avoided.    *Farmer's Bank* v. *Burchard*, 33 Vt. 346.

*The decree is affirmed, and the cause remanded.*